IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ELLISON ROBERT BURNS, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEVEN ZADACH, President )<br>Georgia Stevedore )<br>Association, MAURY B. )<br>ROTHSCHILD, Esquire, Ellis, )<br>Painter, Ratterree and Adams, )<br>LLP Georgia Stevedore )<br>Association Attorneys and any )<br>and all other attorneys )<br>representation for Georgia )<br>Stevedore Association, )<br>SAVANNAH MARITIME )<br>ASSOCIATION, INC., any and )<br>all attorneys representation, )<br>I.L.A. LOCAL 1414 SAVANNAH, )<br>GA, WILLIE SEYMORE, President )<br>I.L.A. Local 1414, and BRUCE )<br>WILLIAMS, Vice Chairman of )<br>Board also all I.L.A. and any )<br>other I.L.A. attorneys )<br>representation, )<br>)<br>Defendants. )<br>) | CASE NO. CV408-197 |

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 7), to which objections have been filed (Doc. 9). After careful consideration, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES**

Plaintiff's Complaint without prejudice.[1] The **Clerk of Court** is **DIRECTED** to close this case.

Prior to bringing a claim of employment discrimination under Title VII, a plaintiff is required to exhaust available administrative remedies. See Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). Generally, as an initial step, the aggrieved employee must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and receive a right-to-sue letter. See id., Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir. 2000); see also 42 U.S.C. § 2000e-5(e) (requiring that charge be filed within 180 days of the alleged unlawful employment practice). The receipt of the right-to-sue letter is not a jurisdictional requirement, but rather a statutory prerequisite subject to equitable defenses. See Zipes v. Trans World Airlines, Inc, 455 U.S. 385, 393 (1982) (holding that prerequisite of obtaining a right-to-sue letter subject to waiver, estoppel, and equitable tolling), Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1569 (11th Cir. 1996) ("[R]eceipt of a right-to-sue letter is not a jurisdictional prerequisite to suit, but rather, is a statutory precondition which is subject to equitable modification."). However, the failure to file a claim with the

---

[1] Plaintiff's Motion for Extension of Time is **DISMISSED AS MOOT**. (Doc. 6.)

EEOC may bar a plaintiff from bringing suit. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 n.6 (1984), Hines v. Widnall, 334 F.3d 1253, 1257 (11th Cir. 2003), Grier v. Sec'y of the Army, 799 F.2d 721, 724 (11th Cir. 1986).

Reviewing Plaintiff's claim, the Court finds that Plaintiff has not received a right-to-sue letter from the EEOC. While the Court is aware that Plaintiff has filed his charge with the EEOC, that investigation is currently ongoing. The Court finds no reason to exercise its equitable powers to stay the case pending receipt of a right-to-sue letter by Plaintiff. Should Plaintiff receive such a letter, he may refile his case at that time. Accordingly, Plaintiff's Complaint is **DISMISSED** without prejudice. The **Clerk of Court** is **DIRECTED** to close this case.

SO ORDERED this 20th day of January, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA